BEN DUPRE, Bar No. 231191
2005 De La Cruz Bld., Suite 203
Santa Clara, CA 95050
Tel: 408-727-5377
Fax: 408-727-5310
bendupre@gmail.com

RONALD WILCOX, Bar No. 176601
1900 The Alameda, Suite 530
San Jose, CA 95126
Tel: 408-296-0400
Fax: 408-296-0486
ronaldwilcox@gmail.com

Counsel for the Plaintiff

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### (SAN JOSE DIVISION)

| | |
|---|---|
| CRESCENCIANO ESCALANTE, | ) Case No.: |
| Plaintiff, | ) |
| v. | ) **DEMAND FOR JURY TRIAL** |
| EXPERIAN INFORMATION SOLUTIONS INC., DOES 1-10, | ) |
| Defendants. | ) |

## I.   INTRODUCTION

1. In September 23, 2009, as a last resort, Mr. Escalante filed for bankruptcy protection. Yet, despite knowing about Mr. Escalante's bankruptcy, Defendant Experian, a credit reporting agency, falsely reported on Mr. Escalante's June 10, 2013 credit report that he still owes almost two thousand dollars and is delinquent.

2. As a result of defendant's unlawful acts and omissions, Mr. Escalante has emotional distress, including nervousness, stress, paranoia, embarrassment, humiliation, loss of enjoyment in life, anger, fear, hopelessness, frustration, and anxiety, among other negative emotions.

COMPLAINT

1

3. Defendants' conduct is part of a business plan and practice of unlawful credit reporting practices. *Drew vs. Equifax Information Services, LLC, et al.*, 07-00726-SI (N.D. Cal. July 20, 2010)($1,021,326.60 verdict awarded, consisting of $700,000 in punitive damages, $315,000 in emotional distress damages, and $6,326.60 in economic damages). *Guillen v. Equifax et al.*, 10-05825 EJD (N.D. Cal., Dec. 21, 2010), *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876 (9th Cir. 2010).

4. According to the most recent FTC Study conducted in December 2012[1], one in five consumers had an error on at least one of their three major credit reports.

5. As the Ninth Circuit has stated, "The legislative history of the FCRA reveals that it was crafted to protect consumers from the transmission of inaccurate information about them. *Guimond v. Trans Union Credit Information Co.* (1995) 45 F.3d 1329

According to the FCRA, 15 U.S.C. 1681:

> (4) There is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy.

6. As the United States Supreme Court commented,

> "For an individual, the discharge is unquestionably **the heart and soul of the "fresh start" that Congress intended to provide the poor but honest debtor in bankruptcy.** See *Local Loan Co. v. Hunt*, 292 U.S. 234, 244, 54 S.Ct. 695, 699, 78 L.Ed. 1230 (1934) (explaining that a bankruptcy discharge "gives to the honest but unfortunate debtor who surrenders for distribution the property which he owns at the time of bankruptcy**, a new opportunity in life and a clear field for future effort, unhampered by the pressure and discouragement of preexisting debt.**")".

## II. JURISDICTION AND VENUE

1. Defendants are authorized to do business and do business in California.

2. Jurisdiction of this Court arises under 28 U.S.C. section 1391(c), California Civil

---

[1] FTC Report to Congress Under Section 319 of the Fair and Accurate Credit Transactions Act of 2003.

COMPLAINT

2

Procedure section 395(b), and supplemental jurisdiction exists for any state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in that the conduct complained of occurred here and Defendants transact business here and have significant and substantial contacts with the state of California.

### III. PARTIES

1. Plaintiff, Crescenciano Escalante ("Mr. Escalante"), is a natural person residing in San Jose, California. Mr. Escalante is a "person" as defined by Cal. Civil Code section 1785.3(j) and 15 U.S.C. section 1681a(b), and a consumer as defined by Cal. Civil Code section 1785.3(b) and 15 U.S.C section 1681a(c).

2. The Defendant Experian Information Solutions, Inc., ("Experian") is an Ohio corporation which was doing business at all relevant times in Santa Clara County and has its principal place of business in Santa Rosa, California and other locations in California.

3. Experian is a "person" as that term is defined by Cal. Civil Code section 1785.3(j). Experian is a "consumer reporting agency", as that term is defined under Title 15 U.S.C. 1681a(f). Experian is a "consumer credit reporting agency", as that term is defined by Cal. Civil Code 1785.3(d).

4. Defendants, Does 1 through 10 are persons or entities whose true names and capacities are presently unknown to Mr. Escalante, and who therefore are sued by such fictitious names.

5. Mr. Escalante is informed and believes and thereon alleges that each of the fictitiously named Defendants perpetrated some or all of the wrongful acts alleged herein, is responsible in some manner for the matters alleged herein, and is jointly and severally liable to Mr. Escalante. Mr. Escalante will seek leave of court to amend this complain to state the true names and capacities of such fictitiously named defendants when ascertained.

6. Mr. Escalante alleges that at all times herein mentioned, each of the Defendants were, and are now, the agent, servant, employee and/or other representative of the other Defendants. In doing the things herein alleged, Defendants were acting in the scope, purpose and authority of such agency, service employment, and/or other representative capacity with the permission, knowledge, consent, and ratification of the other Defendants.

7. Defendants authorized, approved, and/or ratified the acts herein.

8. Any reference hereinafter to "Defendant" or "Defendants" without further qualification is meant by Mr. Escalante to refer to all the defendants above.

## IV.   FACTS

### Mr. Escalante Files for Chapter 13 Bankruptcy Protection

1. On or about September 2009, Mr. Escalante sought protection from his creditors by filing a voluntary Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Northern District of California (San Jose Division), case number 09-55105.

### Experian was Notified of Mr. Escalante's Bankruptcy

2. On or about September 2009, Defendant became aware of Mr. Escalante's bankruptcy filing.

### Experian was aware that Mr. Escalante Obtained a Discharge

3. On or about September 12, 2012, Mr. Escalante completed his Chapter 13 plan payments and the Trustee administering the bankruptcy issued a Notice of Bankruptcy Completion.

4. On or about September 12, 2012, in successfully concluding the bankruptcy, the bankruptcy court issued a Discharge Order, pursuant to 11 U.S.C. section 727.

5. The Discharge Order discharged the debts as of the petition date, including the account discussed herein.

6. On or about September 2012, Defendant Experian was aware of Mr. Escalante's

bankruptcy discharge.

**Experian Falsely Report Mr. Escalante Owes Over One Thousand Dollars**

7. In June 2013, Mr. Escalante obtained his consumer report ("credit report"), as that term is defined under Title 15 U.S.C. 1681a(d).

8. Despite Mr. Escalante successfully obtaining a bankruptcy discharge, Experian continued to report that Mr. Escalante owed almost two thousand dollars regarding a Citibank account.

9. The credit report (produced by Experian) dated June 2013 falsely stated a debt was owing on a Citibank account in the amount of almost $2,000, among other things!

10. The credit report (produced by Experian) dated June 2013 also contained these false statements: that Mr. Escalante had a "recent balance of $1,780 as of May 2013", "$1,780 written off", and that the account is scheduled to continue on record until Jan 2017.

11. In addition, Experian falsely reported that Mr. Escalante "filed chapter 13 bankruptcy on 12, 2012".

## VII. FIRST CLAIM FOR RELIEF – FCRA
15 U.S.C. 1681e(b)
*(Against Experian)*

1. Mr. Escalante repeats, re-alleges, and re-incorporates by reference all of the paragraphs above as though fully stated herein.

2. Experian violated 15 U.S.C. section 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Mr. Escalante.

3. As a result of this conduct, action and inaction of Experian, Mr. Escalante has suffered damage, as described above.

4. Experian's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. section

COMPLAINT

1681n.

5. In the alternative, it was negligent, entitling Mr. Escalante to recover under 15 U.S.C. 1681o.

6. Mr. Escalante is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. section 1681n and/or section 1681o.

## X. PRAYER FOR RELIEF

WHEREFORE, Mr. Escalante respectfully prays that judgment be entered against the Defendants for the following:

A. Statutory damages pursuant to 15 U.S.C. 1681n.

B. Award punitive damages to deter further unlawful conduct pursuant to 15 U.S.C. 1681n;

C. Costs and reasonable attorney's fees pursuant 15 U.S.C. 1681n;

D. Costs and reasonable attorney's fees pursuant to applicable statutes;

E. Actual damages;

F. For declaratory, injunctive and other equitable relief; including an order directing Experian and Citibank to cease from any false and inaccurate reporting of this account; and

G. For such other and further relief as may be just and proper.

Respectfully submitted,

/s/Ronald Wilcox                         10/21/13
Ronald Wilcox, Counsel for Mr. Escalante    Date

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff, Mr. Escalante demands trial by jury in this action.

/s/Ronald Wilcox                         10/21/13
Ronald Wilcox, Counsel for Mr. Escalante    Date